**Soraya MEHDI, Plaintiff–Appellant,**

**v.**

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 01–56382.

D.C. No. CV–99–05412–FMC(BQR).

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 11, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM**

Soraya Mehdi appeals the district court's summary judgment upholding the

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Commissioner of the Social Security Administration's denial of her application for Social Security disability insurance benefits and supplemental security income. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo the district court's decision, and we review for substantial evidence and legal error the Administrative Law Judge's ("ALJ") decision. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). We conclude that substantial evidence does not support the ALJ's finding, which discredited the treating physician's report and Medhi's subjective complaints of disabling pain. *See id.* at 1098. We reverse and remand.

The ALJ failed to give specific and legitimate reasons for rejecting the treating physician's opinion, which concluded that Medhi is disabled from working. *See Edlund v. Massanari,* 253 F.3d 1152, 1157 (9th Cir.2001).

The ALJ also failed to provide clear and convincing reasons for rejecting Medhi's testimony. *See Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995).

First, because Medhi provided evidence of an underlying impairment, she did not need to support the severity of her pain with additional evidence. *See Bunnell v. Sullivan,* 947 F.2d 341, 347–48 (9th Cir. 1991) (en banc).

Second, the ALJ's finding that Medhi drove a car and cared for her two children is unsupported in the record. Further, her testimony that she rarely drove and required help with childcare is not inconsistent with Medhi's subjective complaints of pain. *See Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir.2001).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Considering the record as a whole, the ALJ's reasons for rejecting Medhi's pain testimony are not supported by substantial evidence. *See Tackett,* 180 F.3d at 1098 (holding that the Commissioner's decision cannot be affirmed "simply by isolating a specific quantum of supporting evidence"). Accordingly, we remand for further proceedings consistent with this disposition.

**REVERSED AND REMANDED.**